Frederick Hertenstein, Corporation Counsel, contra.

Hamilton County Common Pleas.)

CHARLES H. KILGOUR v JOSEPH H. WOLF.

A wall built along the side of a lot by the owner thereof to protect it against an adjoining lot lying ten feet higher, but located entirely on such lower lot and two or three feet from the line thereof, may be torn down by the owner of such lot, and the earth between such wall and the line of the adjoining lot removed. And the owner by such higher lot can not claim title by prescription to the wall when the same has stood more than twenty-one years, without a grant of such easement of lateral support.

DAVIS, J.

The plaintiff avers, in his petition that he is the owner of lot 112 in Riddle's subdivision of Cincinnati, and that there is a stone wall on the north side of said lot, and that the same is located on his property. The defendant answers that said wall is not located upon the property of the plaintiff, and is wholly on the property of the defend-

ant, and about two to three feet from the lands of said plaintiff. The plaintiff's grantor became the owner of lot 112 in 1868, and said stone wall was then standing upon the property of the grantor of the defendant herein. The defendant admits that he has commenced to remove said wall, and that it is his purpose to tear it all down. The plaintiff further claims that if said wall was not originally upon his property, that he and his grantors have acquired title to it by prescription. Said wall is about ten feet high.

The court finds from the evidence that said wall is located upon the premises of the defendant, and that no portion of the same rests upon the property of the plaintiff; the evidence is equally conclusive that plaintiff and his grantors have not acquired title by prescription, and have no easement in said wall. Said wall was erected in 1866, and the property of both plaintiff and defendant was not then located in the city of Cincinnati, but was within the incorporated village of Camp Washington. The land of the plaintiff is from eight to ten feet higher than the street, and that of defendant at nearly grade of street. This proceeding is brought to enjoin the defendant from tearing down said wall. April 26, 1854, (S. & C., 1538), an act was passed, which reads as follows:

"That if any owner or possessor of any lot of land, in any city or incorporated village in this state, shall dig, or cause to be dug, any cellar, pit, vault, or excavation, to a greater depth than twelve feet below the curb of the street on which such lot abuts, or, if there be no curb, below the surface of the adjoining lots, and shall by such excavation cause any damage to any wall, house or other building upon the lots adjoining thereto, the said owner or possessor shall be liable, in a civil action, to the party injured, to the full amount of the damages aforesaid; provided, however, that such owner or possessor may dig, or cause to be dug, any such cellar, pit or excavation, to the full depth of any foundation walls of any buildings upon the adjoining lots, and to the full depth of twelve feet below the grade of the street whereon such lot abuts, established by the corporate authorities of any such city or village, without incurring the liability prescribed in this act."

The Supreme Court, in the case of McMillen & Manks v. Watt, 27 Ohio St., 310, said:

"Under the provisions of this statute we think it clear that when the owner of a village or city lot erects a building thereon, it is at his own peril if he so constructs it that the owner of the adjoining lot can not dig a cellar thereon to the depth allowed by the statute without endangering its safety. The defendant in this case, for a proper purpose, and with no improper motive, used his lot in a manner expressly authorized by law. The plaintiffs could not legally abridge his right to do so by their unsafe manner of constructing their foundation walls which

would have been self-sustaining without the support of the defendants contiguous earth, which he had a right to remove. And if to the depth of twelve feet from the surface the plaintiffs had no right to claim that their walls should be supported by the contiguous soil of the defendant, then the latter was under no obligation, immediately or within ten days, to furnish support in lieu of the earth removed. The non feasance complained of was, therefore, damnum absque injuria."

The defendant herein has not only the right to remove said wall, but the further right to remove the dirt between said wall and the premises of the plaintiff.

Injunction is therefore denied, and petition dismissed.

Burch & Johnson, for Plaintiff.

Chris. Von Seggern, for Defendant.